UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12024-RGS

MICHAEL ALAN CROOKER,

v.

JEFFREY GRONDOLSKY, WARDEN OF FMC DEVENS.

MEMORANDUM AND ORDER
November 1, 2012

STEARNS, D.J.

BACKGROUND

On October 29, 2012, petitioner Michael Alan Crooker (Crooker), an inmate at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and paid the $5.00 filing fee. Essentially, Crooker complains that he is being deprived of necessary cataract surgery. He recounts his criminal background, noting that he has pending before Judge Woodlock a motion to vacate sentence pursuant to 28 U.S.C. § 2255, claiming he was framed and would not have pled guilty had he known he would be deprived of proper medical care. Crooker also recounts his medical history in connection with his cataract condition. He disputes the medical opinions with respect to the need for cataract surgery, and claims that he suffers from headaches and is blinded by glare. He is not able to read, is unable to go outdoors. He claims to have exhausted administrative remedies.

As relief, he seeks, *inter alia*, injunctive and declaratory relief that provides for cataract surgery at the expense of the government. He does not seek immediate or speedier release from custody.

DISCUSSION

    I.    <u>Review of the Habeas Petition</u>

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011) *citing Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).

II.     Crooker Fails to Set Forth a Cognizable Habeas Claim

Although Crooker couches his claim as one for "habeas relief" in the form of an injunction requiring surgery, it is clear that there are no *bona fide* habeas claims presented by his assertion of inadequate medical care. As a general matter, habeas corpus proceedings are the proper mechanism for challenging the "legality or duration" of confinement. By contrast, a non-habeas civil action is the proper method of challenging "conditions of confinement," such as a claim based on inadequate medical care. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-499 (1973); *accord Kane v. Winn*, 319 F. Supp. 2d 162, 213 (D. Mass. 2004) (challenge to adequacy of prison medical care could not proceed as a § 2241 petition but was the proper subject of a *Bivens* lawsuit); *Kamara v. Farquharson*, 2 F. Supp. 2d 81, 88-89 (D. Mass. 1998) (habeas can be utilized to challenge the "fact, duration or degree" of confinement but not a condition of confinement, such as inadequate medical care).[1] *See also Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement."). Thus, the proper vehicle for challenging conditions of confinement such as the medical care claim asserted by Crooker is through a civil rights action and not through a habeas

---

[1] Judges of this court have consistently rejected habeas petitions challenging inadequate medical care. *See, e.g., Davis v. Sabol*, 07-40207-RGS (Memorandum and Order for Dismissal (Docket No. 5, dated Aug. 17, 2007); *Caraballo v. Hertel*, C.A. 07-40005-RWZ (Memorandum and Order for Dismissal (Docket No. 2, dated Feb. 5, 2007) (dismissing habeas petition without prejudice); *Conteh v. McDonald*, C.A. 06-12218-RCL (Memorandum and Order for Dismissal (Docket No. 2, dated Jan. 17, 2007); *Williams v. Winn*, C.A. No. 05-12211-MLW (Memorandum and Order of Dismissal (Docket No. 8, dated June 5, 2006) (dismissal of petitioner's claims alleging the need for a heart transplant; petitioner's claims of inadequate medical treatment were not cognizable as a habeas petition, and should have been raised as a *Bivens* action; petition was not dismissed, but was construed as a *Bivens* action, as if it had originally been filed as such); *Melhem v. Farquharson*, 2003 WL 21397987, at *1 n. 1 (D. Mass. 2003) (Woodlock, J.) (declining to address a habeas petitioner's claims of inadequate medical care, holding those claims must be pursued in a separate action, citing *Kamara, supra*).

petition.[2]

Notably, Crooker is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g), and therefore is unable to proceed with a civil action *in forma pauperis*.[3] Thus, in order to proceed with a claim for deliberate indifference to a serious medical need, Crooker must pay the $350.00 filing fee for any civil action, or he must demonstrate that he is under imminent danger of serious physical injury. This court will not, *sua sponte*, convert this action, filed as a habeas petition, into a non-habeas civil action, particularly where there is nothing in the allegations presented here that would demonstrate that Crooker is under an imminent threat of serious physical injury, and where doing so would permit Crooker to circumvent, impermissibly, the application of the three-strikes rule.

Accordingly, this habeas petition will be <u>DISMISSED</u> in its entirety, without prejudice.

---

[2]In *Kane*, *supra*, this court noted that dicta from case law of the United States Court of Appeals for the First Circuit indicated that some types of conditions of confinement claims might be raised in the habeas context, however, this court also noted that claims based on medical treatment were not of that ilk. *See Brennan v. Cunningham*, 813 F.2d 1, 4-5 (1st Cir. 1987) ("This Court is of the view that, with the exception of extreme cases where transfer or release might be a necessary remedy, most challenges to the constitutional adequacy of medical care should proceed as civil rights claims under *Bivens* or Section 1983, or as an ordinary civil action under federal law."). No extreme circumstances are presented in this case.

[3]Under the three-strikes rule of § 1915(g), a prisoner may be denied *in forma pauperis* status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Where a prisoner has "three strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." *Id.* In the 1990's Crooker was deemed to be a three-strikes litigant. *See Crooker v. United States*, Civil Action No. 1:97-00402-SJM-SPB (United States District Court for the Western District of Pennsylvania (Erie). Previously, this court independently reviewed Crooker's litigation history and found him to be a three-strikes litigant under § 1915(g). *See Crooker v. Merchants CR Guide Company*, Civil Action No. 1:08-10382-EFH (Memorandum and Order (Docket No. 5, entered Mar. 24, 2008) (outlining cases counted as strikes)).

CONCLUSION

       Based on the above, it is hereby Ordered that:

1.     Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is <u>DENIED</u> and;

2.     This action is <u>DISMISSED</u> in its entirety.

       SO ORDERED.

       <u>/s/ Richard G. Stearns</u>
       UNITED STATES DISTRICT JUDGE